# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4595 PA (AJWx) | | Date | June 8, 2011 |
|---|---|---|---|---|
| Title | Quality Parking Servs., Inc., et al. v. Continental Cas. Co., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Continental Casualty Company and Greenwich Insurance Company (collectively "Defendants") on May 27, 2011. (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)).

When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4595 PA (AJWx) | Date | June 8, 2011 |
|---|---|---|---|
| Title | Quality Parking Servs., Inc., et al. v. Continental Cas. Co., et al. | | |

of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

  Here Defendants have failed to sufficiently establish the citizenship of either plaintiff. Although the Notice of Removal alleges that plaintiff Quality Parking Services, Inc. is a California corporation, there are no allegations as to the location of its principal place of business. As for individual plaintiff Ben Akbary, the Notice of Removal alleges that he is a citizen of California because the Complaint alleges that he is the CEO of Quality Parking Services, Inc. However, the fact that Akbary is an officer of a California corporation does not demonstrate that he is domiciled in California or that he is a citizen of California.

  Moreover, the Notice of Removal also fails to adequately allege that the amount in controversy exceeds $75,000. Plaintiffs' Complaint alleges that they were sued by a third party, and that they submitted this claim to Defendants, who are their insurers. Defendants denied coverage for Plaintiffs' claim, forcing Plaintiffs to pay defense and settlement costs. The Complaint does not specify what amount it seeks in damages. Rather than providing any facts or evidence to support the amount in controversy, Defendants simply make the conclusory statement that "[u]pon information and belief, Plaintiffs' costs of defending and settling the Underlying Litigation substantially exceed $75,000." (Notice of Removal ¶ 11.) Such a conclusory statement is insufficient to fulfill Defendant's burden to show that the amount in controversy exceeds $75,000.

  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship or the amount in controversy, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC 459894 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.